Chief Justice Robertson,
delivered the opinion of the court.
This is a suit in Chancery, instituted by Elliott to injoin a judgment (in detinue) which Kimbrough and wife had obtained against him. The bill alleges that Nathan Adams devised to three of his daughters, slaves and other property,in severalty,, and declared, in his will, that if anyone of the three devisees should die withoutissue, the survivors should be entitled to the property devised to her; that some years after the death of the testator (Adams,) one Tull (who had married one of the said three daughters) died, after publishing a will, in which he devised to his wife the slaves whom her father had devised to her: and also devised to an adopted child a slave, (Felix) (a son of one of those slaves) on the contingency of his widow’s marriage; that Tull’s widow did afterwards marry the complainant (Elliott,) and that, not long afterwards, Kimbrough (who married the adopted child and devisee of Tull) obtained, in his own name and that of his wife, a judgment in detinue against him for the boy Felix. That before the judgment had been inforced or complied with, the complainant’s wife (formerly Mrs. Tull) died without issue; and that thereupon he surrendered Felix to the husband of one of the surviving devisees.
The answer denies the right of the person to whom Felix was surrendered, and insists that there is no equity in the bill.
The circuit court dismissed the bill, and decreed ten per cent damages on the dissolution of the injunction which had been granted.
The decree dismissing the bill was proper. There is no proof in the record, except so much as the answer, and the will of N. Adams and that of Tull furnish; consequently the chancellor would have had no authority for deciding that the defendants had not the best title to Felix.
The will of N. Adams states that the slaves devised to Mrs. Tull were in her possession at the date of *635 the will. It does not appear that she did not then own them, or that she ever claimed to hold them under her father’s will; or that he had any title to It does not appear that either of her sisters survived Mrs. Tull; nor that she died childless. The answer does not admit any of those important facts. Wherefore it was proper to dismiss the bill, even if it could have been right, upon full proof, to have perpetuated the injunction to the-judgment for the slave.
On dissolution j¿ent nue for a slave terror to endamages on the value oí
¡^injurie™ tiontoajudgment in deti-can be properly decreed, Sonhe® ' action of det °"s adjudged for detention.
Mills and Brown, for plaintiff.
The decree dismissing the bill is therefore affirmed: But the decree for damages must be reversed. It was erroneous to decree damages on the value of the slave. The principal judgment is for the slave himself; the judgment for his value is alternative and contingent. Damages are allowed only on “the sum” injoined: that, in t'his case, was the costs of the action of detinue and the damages adjudged for It has been repeatedly decided by this court, that when a judgment in detinue has been superceded by appeal or otherwise in this court, damages on affirmance cannot be given on the value of the property, but only on the damages adjudged in the action.. We can perceive no reason why the same rule should not apply equally to injunctions.
Wherefore, the decree for damages is reversed and the case remanded for a proper decreé, for damaps, to be entered.
No costs will be adjudged in this court.